UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **TRUSTEES OF THE SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION PLAN**<br>6100 Oak Tree Boulevard, Suite #190<br>Independence, OH 44131<br><br>and<br><br>**TRUSTEES OF THE OHIO CARPENTERS' HEALTH FUND**<br>700 Tower Drive, Suite #300<br>Troy, MI 48098<br><br>and<br><br>**TRUSTEES OF THE OHIO CARPENTERS' ANNUITY PLAN**<br>6100 Oak Tree Boulevard, Suite #190<br>Independence, OH 44131<br><br>and<br><br>**TRUSTEES OF THE OHIO CARPENTERS JOINT APPRENTICESHIP & TRAINING TRUST FUND**<br>361 Breaden Drive<br>Monroe, OH 45050<br><br>and<br><br>**TRUSTEES OF THE CARPENTERS INTERNATIONAL TRAINING FUND**<br>204 North Garver Road<br>Monroe, OH 45050<br><br>and<br><br>**TRUSTEES OF THE CONSTRUCTION ADVANCEMENT PROGRAM OF GREATER CINCINNATI**<br>3 Kovach Drive<br>Cincinnati, OH 45215<br><br>and | Case No. 1:19-cv-00278 |

**INDIANA/KENTUCKY/OHIO
REGIONAL COUNCIL OF CARPENTERS**
204 North Garver Road
Monroe, OH 45050

    **Plaintiffs,**

v.

**PRECISION CONTRACTING, INC.**
7516 Loch Lomond Drive
Alexandria, KY 41001

    **Defendant.**

# COMPLAINT

1.    This is an action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001, *et seq*. Plaintiffs, Trustees of the Southwest Ohio Regional Council of Carpenters Pension Plan and Trustees of the Ohio Carpenters' Health Fund (collectively the "Funds") are employee benefit plans that provide for pension and healthcare benefits. Defendant, Precision Contracting, Inc. is a union construction and maintenance contractor that performs services in Ohio. Defendant is obligated to remit contributions and withholdings to Plaintiffs based upon the number of hours worked by covered employees. Defendant has failed, or otherwise refuses, to remit full and correct contributions for work performed under a collective bargaining agreement. Plaintiffs are entitled to delinquent contributions, liquidated damages, interest, and withholdings for work performed by Defendant's employees under a collective bargaining agreement. Plaintiffs have a fiduciary duty to attempt to collect all amounts due to the Funds, and therefore this suit is levied.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit plan. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Western Division at Cincinnati.

## PARTIES

4. Plaintiffs, Trustees of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan Trustees"), are the fiduciaries of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan"), a multiemployer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Plan resides in Southern Ohio, and is administered at 6100 Oak Tree Boulevard, Suite #190, Independence, Ohio 44131.

5. Plaintiffs, Trustees of the Ohio Carpenters' Health Fund ("Health Fund Trustees"), are the fiduciaries of the Ohio Carpenters' Health Fund ("Health Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(1)(A), 29

U.S.C. § 1002(1)(A). The Health Fund resides in Southern Ohio, and is administered at 700 Tower Drive, Suite #300, Troy, Michigan 48098.

6. Plaintiffs, Trustees of the Ohio Carpenters' Annuity Plan ("Annuity Plan Trustees"), are the fiduciaries of the Ohio Carpenters' Annuity Plan ("Annuity Plan"), a multi-employer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Annuity Plan resides in Southern Ohio, and is administered at 6100 Oak Tree Boulevard, Suite #190, Independence, Ohio 44131.

7. Plaintiffs, Trustees of the Ohio Carpenters Joint Apprenticeship & Training Trust Fund ("Apprenticeship Fund Trustees"), are the fiduciaries of the Ohio Carpenters Joint Apprenticeship & Training Trust ("Apprenticeship Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Apprenticeship Fund maintains its principal place of business at 361 Breaden Drive, Monroe, Ohio 45050.

8. Plaintiffs, Trustees of the Carpenters International Training Fund ("International Training Fund Trustees"), are the fiduciaries of the Carpenters International Training Fund ("International Training Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The International Training Fund is administered at 204 North Garver Road, Monroe, Ohio 45050.

9. Plaintiffs, Trustees of the Construction Advancement Program of Greater Cincinnati ("Advancement Program") is a multiemployer, employee benefit plan and employee

4

welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Advancement Program maintains its principal place of business at 3 Kovach Drive, Cincinnati, Ohio 45215.

10. Plaintiff, Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") is a labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), and an employee organization as defined by ERISA § 3(4), 29 U.S.C. § 1002(4). The Union represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in Section 2(7) of the LMRA, 29 U.S.C. § 152(7); and ERISA § 3(12), 29 U.S.C. § 1002(12). The Union maintains its principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

11. Defendant, Precision Contracting, Inc. ("Defendant" or "Precision") is a for-profit corporation organized under the laws of the State of Ohio with its principal place of business located at 7516 Loch Lomond Drive, Alexandria, Kentucky 41001. At all material times herein, Precision was an employer as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5); and Section 2(2) of the LMRA, 29 U.S.C. § 152(2). Precision is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

12. The Pension Plan was established by an Amended Agreement and Declaration of Trust ("Pension Plan Trust Agreement") for the purpose of providing pension benefits. (Exhibit A, Pension Plan Trust Agreement, Article II, Sections 1, 8). The Pension Plan is an "employee pension benefit plan" as defined by ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

13. The Pension Plan is administered by the Pension Plan Trustees, a joint board of trustees composed of an equal number of employee and employer representatives as required by

5

LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Pension Plan Trustees act as the "plan sponsor" of the Pension Plan as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

14. The Health Fund was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing health benefits to employees and beneficiaries. (Exhibit B, Health Fund Trust Agreement, Article II, Sections 1, 8). The Health Fund is an "employee welfare benefit plan" as defined by ERISA § 3(1)(A), 29 U.S.C § 1002(1)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

15. The Health Fund is administered by the Health Fund Trustees, a joint board of trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Health Fund Trustees act as the "plan sponsor" of the Health Fund as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

16. The Pension Plan Trustees and Health Fund Trustees are vested with the authority to collect employer contributions due to Pension Plan and Heath Fund. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4; Exhibit B, Health Fund Trust Agreement, Article II, Section 4). Pursuant to this authority, the Pension Plan Trustees and Health Fund Trustees adopted a joint Collection and Delinquency Control Program ("Collection Policy"). (Exhibit C, Collection Policy).

17. On or about October 8, 2007, Precision, through its President, executed a collective bargaining agreement ("CBA") titled "Southwest Carpenters Walls and Ceilings Agreement (Short-Form)" ("Short-Form CBA"). (Exhibit D, Short-Form CBA). Precision's assent to the above-referenced Agreement bound Precision to the terms of the Walls & Ceilings Carpenters' Agreement dated July 1, 2007, and any modifications, extensions, or renewals thereof. (Exhibit D, Short-Form CBA, Section 2). The Walls & Ceilings Carpenters' Agreement dated July 1, 2007

6

has been succeeded by the Southwest Ohio Carpenters' Agreement ("Southwest Carpenters' CBA") as the result of subsequent renewals. (Exhibit E, Southwest Carpenters' CBA).

18. As a signatory contractor to the CBA, Precision is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (collectively, the "Funds") (Exhibit D, Short-Form CBA, Section 3; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

19. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Precision has failed or otherwise neglected to submit reports and remit contributions for the period of January 1, 2013 through present day.

20. As a result of Defendant's conduct, Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages, and accruing interest for the period of January 1, 2013 through present day and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

**COUNT I**
**Failure to Remit Contributions/Reports**
**ERISA § 515, 29 U.S.C. § 1145**

21. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

22. As a signatory contractor to the CBA, Precision is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (Exhibit D, Short-

Form CBA, Section 3; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

23. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

24. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

25. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Precision has failed or otherwise neglected to submit reports and remit contributions to Plaintiffs for the period of January 1, 2013 through present day.

26. An examination of Precision's payroll records was conducted for the period of January 1, 2013 through July 11, 2018. (Exhibit F, Audit Report). The auditor's report revealed that Precision reported no hours of covered work, nor remitted any contributions to Plaintiffs after December 2012, despite a contractual obligation to do so. Precision estimated that 20% of its employees' hours worked during the audited period consisted of work covered under the CBA. (Exhibit F, Audit Report, p. 10). Nevertheless, Precision failed to report the number of hours of covered work performed by its employees and failed to remit fringe benefit contributions to Plaintiffs for the period of January 1, 2013 through July 2018. (Exhibit F, Audit Report, p. 8).

8

27. Precision failed to report 3,460.26 hours of work covered under the CBA between January 1, 2013 and July 11, 2018, and also failed to make the required fringe benefit contributions for those hours. The fringe benefit contributions Precision failed to remit to Plaintiffs total at least $48,536.06. (Exhibit F, Audit Report, p. 8).

28. Precision's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to delinquent contributions, liquidated damages, and accruing interest for the period of January 1, 2013 through present day and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT II**
**Breach of Contract & Failure to Remit Contributions/Reports**
**LMRA § 301, 29 U.S.C. § 185**

29. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

30. As a signatory contractor to the CBA, Precision is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (Exhibit D, Short-Form CBA, Section 3; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

31. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

9

32. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

33. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Precision has failed or otherwise neglected to submit reports and remit contributions for the period of January 1, 2013 through present day.

34. An examination of Precision's payroll records was conducted for the period of January 1, 2013 through July 11, 2018. (Exhibit F, Audit Report). The auditor's report revealed that Precision reported no hours of covered work, nor remitted any contributions to Plaintiffs after December 2012, despite a contractual obligation to do so. Precision estimated that 20% of its employees' hours worked during the audited period consisted of work covered under the CBA. (Exhibit F, Audit Report, p. 10). Nevertheless, Precision failed to report the number of hours of covered work performed by its employees and failed to remit fringe benefit contributions to Plaintiffs for the period of January 1, 2013 through July 2018. (Exhibit F, Audit Report, p. 8).

35. Precision failed to report 3,460.26 hours of work covered under the CBA between January 1, 2013 and July 11, 2018, and also failed to make the required fringe benefit contributions for those hours. The fringe benefit contributions Precision failed to remit to Plaintiffs total at least $48,536.06. (Exhibit F, Audit Report, p. 8).

36. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore Plaintiffs are entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT III**
**Failure to Pay Liquidated Damages and Interest**
**ERISA § 515, 29 U.S.C. § 1145**

37.     Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

38.     As a signatory contractor to the CBA, Precision is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program on or before the 20th day of the month following the month in which the work was performed. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 76, Article XIII at ¶¶ 101, 104, Article XIV at ¶ 105, Article XX at ¶ 122).

39.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

40.     The Collection Policy provides that in the event a signatory employer is delinquent in contributing to the fringe benefit funds and the matter is referred to counsel for collection, the employer is obligated to pay liquidated damages of 20% of the amount of the unpaid contributions, along with simple interest at the rate of 1% per month on the unpaid contributions, beginning from the due date, plus attorney's fees and court costs. (Exhibit C, Collection Policy, Sections C, D).

41.     The Collection Policy further provides that in the event an audit of a signatory employer's payroll records reveals that the amount contributed by the employer was at least 5%

less than the amount due and owing, the employer will be responsible for the full expenses of the audit. (Exhibit C, Collection Policy, Section F).

42. The expenses incurred by Plaintiffs for the audit of Defendant's payroll records total $4,500.00.

43. Under the terms of the Collection Policy and 29 U.S.C. §1132(g), Defendant is liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, audit expenses, and attorney's fees and costs.

44. Defendant's conduct is in violation of ERISA §515, 29 U.S.C. §1145, and Plaintiffs seek to remedy that violation pursuant to ERISA §515, 29 U.S.C. §1145.

## COUNT IV
### Breach of Contract & Failure to Pay Liquidated Damages and Interest
### LMRA § 301, 29 U.S.C. § 185

45. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

46. As a signatory contractor to the CBA, Precision is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program on or before the 20th day of the month following the month in which the work was performed. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 76, Article XIII at ¶¶ 101, 104, Article XIV at ¶ 105, Article XX at ¶ 122).

47. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the

month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

48. The Collection Policy provides that in the event a signatory employer is delinquent in contributing to the fringe benefit funds and the matter is referred to counsel for collection, the employer is obligated to pay liquidated damages of 20% of the amount of the unpaid contributions, along with simple interest at the rate of 1% per month on the unpaid contributions, beginning from the due date, plus attorney's fees and court costs. (Exhibit C, Collection Policy, Sections C, D).

49. The Collection Policy further provides that in the event an audit of a signatory employer's payroll records reveals that the amount contributed by the employer was at least 5% less than the amount due and owing, the employer will be responsible for the full expenses of the audit. (Exhibit C, Collection Policy, Section F).

50. The expenses incurred by Plaintiffs for the audit of Defendant's payroll records total $4,500.00.

51. Under the terms of the Collection Policy and 29 U.S.C. §1132(g), Defendant is liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, audit expenses, and attorney's fees and costs.

52. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore Plaintiffs are entitled to liquidated damages, interest, and audit expenses pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

53. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

54. As a signatory contractor to the CBA, Precision is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (Exhibit D, Short-Form CBA, Section 3; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

55. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

56. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy provides that Defendant may be subjected to payroll audits as may be deemed appropriate. (Exhibit C, Collection Policy, Section E).

57. Plaintiffs have no way of verifying, absent an audit, the number of hours worked and wages paid to Defendant's employees after July 11, 2018. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest for work performed during that time period.

58. In accordance with the terms of the CBA and Trust Agreements, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 1, 2013 to July 11, 2018, in the amounts set forth above and in such further amounts as may be determined;

B. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest at the rate of 1% per month for unpaid contributions from their respective due dates of such contributions, and liquidated damages equal to 20% of the unpaid contributions;

C. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions from January 2013 forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

D. Judgment against the Defendant for audit expenses, in accordance with the terms of the Collection Policy;

E. Judgment against the Defendant requiring Defendant to submit to a payroll audit to determine any additional amounts that may be due and owing to Plaintiffs;

F. Judgment on behalf of Plaintiffs and against Defendant for all contributions owed, subject to amounts determined via payroll audit;

G. Judgment on behalf of Plaintiffs and against Defendant requiring payment of interest and liquidated damages on amounts found to be delinquent via payroll audit;

H. An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated: April 16, 2019

          Respectfully submitted,

          s/ Thomas R. Kendall
          Thomas R. Kendall (0080996)
          Stephen P. Nevius (0092598)
          **LEDBETTER PARISI LLC**
          5078 Wooster Road, Suite 400
          Cincinnati, OH 45226
          937-619-0900
          937-619-0999 (fax)
          tkendall@fringebenefitlaw.com
          snevius@fringebenefitlaw.com
          *Counsel for Plaintiffs*