TRUSTEES OF THE SOUTHWEST OHIO
REGIONAL COUNCIL OF
CARPENTERS PENSION PLAN, et al.,                    Case No. 1:19-cv-278

    Plaintiffs,

                                      Dlott, J.

    v.                                                  Bowman, M.J.

PRECISION CONTRACTING, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge for initial consideration and rulings on pretrial and post-judgment motions, including the issuance of a report and recommendation on any dispositive motions. (Doc. 2). Currently pending is Plaintiffs' motion for entry of a default judgment, and Defendant's motion to set aside the Clerk's entry of default. For the reasons that follow, the undersigned recommends that Defendant's motion be granted, and that Plaintiffs' motion be denied.

### I.    Background

Plaintiffs filed a complaint against the Defendant on April 16, 2019, alleging that Defendant failed to make required pension contributions as agreed to in an October 8, 2007 Collective Bargaining Agreement ("CBA"), in violation of ERISA and the LMRA. (Doc. 1). The record reflects that Plaintiffs sent Defendant a request to waive service and a copy of the Complaint on April 22, 2019. Acting *pro se* on behalf of the Defendant,[1]

---

[1] A corporation cannot appear pro se in federal court. However, as the Defendant's authorized agent, Mr. Bremke could execute a valid waiver of service.

Joseph B. Bremke executed the waiver of service, which Plaintiffs filed on May 8, 2019. (Doc. 3). Pursuant to its waiver of service, Defendant's answer was due June 21, 2019. On June 26, 2019, Plaintiffs filed an application seeking an entry of default against Defendant, supported by counsel's declaration that Defendant had been properly served but had filed no timely answer. (Doc. 4). The Clerk of Court granted the application and entered a default under Rule 55(a) the following day. (Doc. 5).

On July 9, 2019 at 4:37 p.m., Plaintiffs file a motion seeking entry of a default judgment in the amount of $73,464.80, based upon unpaid contributions, liquidated damages, union dues and deductions, audit costs, and attorney's fees. (Doc. 6). Three hours later, counsel for the Defendant entered his appearance and filed a motion seeking to set aside the Clerk's prior entry of default for "good cause" under Rule 55(c), Fed. R. Civ. P. Plaintiffs have filed no response to Defendant's motion to set aside the entry of default.

## II.     Analysis

Under established Sixth Circuit law, trial courts must consider three factors when faced with a motion to set aside an entry of default under Rule 55(c):

1. Whether the plaintiff will be prejudiced;
2. Whether the defendant has a meritorious defense; and
3. Whether culpable conduct of the defendant led to the default.

*Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 192 (6th Cir. 1986) (internal citations omitted).

On the record presented, the undersigned recommends *conditionally* granting Defendant's motion. The undersigned agrees that to date, Plaintiffs have not been prejudiced by Defendant's failure to file an answer or response. In addition, Defendant

represents that it "will file its responsive pleading within 48 hours of the Entry being set aside." (Doc. 8). However, neither a motion to file an answer *instanter*, nor any other form of tendered response, has yet been filed. Therefore, by separate order filed herewith, the undersigned directs Defendant to file a motion for leave to file out of time and to append the Defendant's answer or other responsive pleading.

Defendant's prompt filing of an answer or other responsive pleading will eliminate the possibility of any future prejudice that could result from further delay. Other than the specified condition, the undersigned finds Defendant's unopposed motion to set aside the entry of default to be well-founded for all the reasons stated by the Defendant, including the likelihood of a meritorious defense and lack of culpable conduct by Mr. Bremke. (Doc. 8). Because the undersigned recommends setting aside the entry of default, Plaintiffs' motion for default judgment should be denied as moot.

### III. Conclusion

Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion to set aside the entry of default (Doc. 7) be **GRANTED**, conditional on compliance with the accompanying order directing Defendant to file an appropriate motion seeking leave to file its answer or responsive pleading out of time, and that Plaintiffs' motion for entry of default judgment (Doc. 6) be **DENIED** as moot.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


TRUSTEES OF THE SOUTHWEST OHIO
REGIONAL COUNCIL OF
CARPENTERS PENSION PLAN, et al.,                    Case No. 1:19-cv-278

      Plaintiffs,

                                          Dlott, J.
      v.                                                          Bowman, M.J.

PRECISION CONTRACTING, INC.,

      Defendant.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).